Dahlstrom, Appellant, *v.* Shrum.

Argued September 26, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Louis Vaira,* with him *Thomas P. Nee,* for appellants.

*Paul M. Robinson,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 13, 1951:

Plaintiff, Ruth Dahlstrom, with her husband, brings this action of trespass against defendant, Robert Shrum, for injuries received when an automobile owned and operated by defendant struck and killed one Gus Davorack, whose body in turn was hurled through the air striking plaintiff. Defendant moved for a compulsory nonsuit which the court below granted because plaintiff failed to produce evidence that defendant was negligent. Judgment was entered for defendant. Plaintiff appealed.

Viewed in the light most favorable to the plaintiff, the facts are as follows. On July 26, 1948, at approximately 10:00 p.m., a clear, dry evening, plaintiff boarded a bus at Irwin, Pennsylvania, to travel to Hahntown, which is a sparsely settled village with no sidewalks or street lights. Upon arrival at Hahntown the bus, heading north, stopped in the proper right hand lane of the eighteen foot two lane highway to permit Gus Davorack and plaintiff to alight. Gus Davorack then proceeded around the back of the bus followed at or about three or four feet by plaintiff. As he reached about the middle of the left hand lane, Gus Davorack was struck by defendant's car, traveling south, at it was passing the bus. Deceased's body struck plaintiff causing her serious injuries. When plaintiff was struck she was behind the bus, unable until the last second to see defendant's car. Defendant, *called as on cross examination,* stated that he was unable to ascertain whether the vehicle he was about to pass was a truck or bus. He was only able to see three small

lights in addition to the head lights. He testified that he was partially blinded as he passed the bus. A State policeman testified that, at the time of the accident, defendant told him that he was traveling approximately thirty-five miles per hour.

The plaintiff sought to locate the accident at a T intersection, thereby attempting to place a higher duty of care upon the defendant than if the accident had occurred between intersections. Defendant testified, however, that his eyes were partially blinded before he passed the bus which was stopped *near* the T intersection. It necessarily follows that the intersection could not be seen by the defendant.

In order for the plaintiff to secure the striking off of the compulsory nonsuit, it is necessary that she establish by proper evidence that *she* was harmed by defendant's negligence. Negligence is defined as the absence of care under the circumstances: *Beck, v. Stanley Company of America,* 355 Pa. 608, 50 A. 2d 306; *Palsgraf v. Long Island R. Co.,* 248 N. Y. 339, 162 N. E. 99. The test of negligence is whether the wrongdoer could have anticipated and foreseen the likelihood of harm to the injured person, resulting from his act: *Scurfield v. Federal Laboratories, Inc..* 335 Pa. 145, 6 A. 2d 559. In *Palsgraf v. Long Island R. Co.,* supra, it was stated by CARDOZO, C. J. (later Justice, United States Supreme Court): ". . . the orbit of the danger as disclosed to the eye of reasonable vigilance would be the orbit of the duty."

Also: "The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension."

Defendant owed a duty to refrain from injuring persons by an unreasonable or careless use of his automobile. But he owed that duty solely to those whom a reasonable man could foresee he might injure by a

particular use of this automobile which, in this case, he was driving at thirty-five miles per hour, passing a vehicle with three small lights above its headlights. Was *plaintiff* within that group of people to whom a reasonable man could foresee an injury under these circumstances? We think not.

Defendant knew he was approaching a small, sparsely settled village, with no sidewalks and no street lights and late in the evening. He could expect few, if any, persons to be in or about the village street. As he traveled through the village at thirty-five miles per hour, he noticed a motor vehicle standing still with a pair of headlights and three small lights above. It cannot be said that defendant as a reasonable man should, as matter of law, then have been aware that the vehicle he saw was a passenger bus. Defendant, called as on cross examination, testified that he constantly had his eyes fastened upon the road. As defendant started to pass the vehicle, plaintiff and deceased were not visible and there was no warning that decedent and plaintiff were behind the bus. As defendant approached and passed the bus he was partially blinded by the glare of the headlights of the bus. Even if defendant had been aware that the vehicle was a bus, such fact in itself is no indication that two persons were in back of the bus. Had the two passengers crossed *in front of the bus,* as they should have, and where defendant could have seen them for the entire length of time it took them to walk across one lane of the road into the lane which the driver occupied, such fact then would have warned defendant of their presence. A reasonable man could have foreseen that passengers were attempting to cross the street. But such is not the fact in this case. As above stated, viewed in the light most favorable to the plaintiff, the highway was of the width of eighteen feet and two laned. According to the *plaintiff's* testimony (p. 11a and p. 32a) the deceased reached

close to the middle or about the center of the road at the time he was struck. The *defendant* testified that the deceased, in his opinion, had to travel five to six feet before he reached the berm of the road at the defendant's right. Taking judicial knowledge of the fact that a bus would be at least seven feet wide, according to the plaintiff's testimony the deceased only traveled two feet from the back of the bus before he was struck. According to the defendant, deceased traveled approximately six feet before defendant's car hit him. Again giving the plaintiff the benefit of every inference in her favor, an arithmetical calculation will demonstrate that at the very most deceased was only in view of defendant's head lights slightly more than one second. In addition as above stated, defendant testified that as he was passing the bus he was partially blinded by its head lights. It is therefore a necessary deduction that decedent was in fact in view of defendant's head lights merely a fraction of a second. Defendant, therefore, could not apply his brakes and stop short of striking the deceased. The facts of this case are strikingly analogous to the "darting out" cases. There is no evidence to indicate, nor can a fair inference be drawn, that if defendant were traveling at a slower speed he could have avoided this accident. After deceased was struck his body struck plaintiff.

As above stated, defendant was unaware of plaintiff's presence behind the bus. It is clear that a reasonable man could not foresee that the use of his automobile traveling at thirty-five miles per hour, approaching and passing an unidentified vehicle, would cause injury, especially since no persons could be seen in the vicinity of the vehicle. Such reasonable man would not foresee that anyone would be behind the bus and would not foresee that such person would be passing behind the bus and stepping into the oncoming lane of traffic: See *McAteer v. Highland Coffee Co.*, 291 Pa. 32, 139 A.

585; *Rowe v. Coopey et al.*, 339 Pa. 105, 14 A. 2d 76; *Taylor v. Philadelphia Rural Transit Company*, 111 Pa. Superior Ct. 575, 170 A. 327. A reasonable man, under the present circumstances, could not foresee that anyone standing in the street behind the bus would be injured by an object struck by defendant's car. Plaintiff was clearly outside the orbit of risk and therefore no right of plaintiff was invaded and defendant breached no duty which he owed to plaintiff.

Even if defendant were held to be negligent with respect to deceased, in that he should have foreseen that someone might be in back of the bus attempting from that position to cross the road, no negligence existed as to the *plaintiff*, because it could not be foreseen that deceased's body would strike plaintiff. Although legal writers and the Restatement regard foreseeability as frequently mistakenly considered under the guise of *proximate cause* (Prosser on Torts, sec. 45, p. 313 and sec. 31, p. 182, 185; Restatement, Torts, §281, comment ee, 1948 Supplement, p. 651), this Court held in *Joseph Wood v. Pennsylvania Railroad Company*, 177 Pa. 306, 311, 35 A. 699, that an accident strikingly similar to the instant case was not foreseeable. The Court held that such accident, while possible, was not *probable* and hence was not foreseeable. There a train struck and killed a woman at a grade crossing. Her body was hurled through the air and hit plaintiff who was waiting at the station to board another train. This Court said: "If such a consequence as here resulted was not . . . foreseeable to anybody else, should defendant . . . be chargeable with the consequence? Clearly, it was not the natural and probable consequence of its neglect to give warning, and therefore was not one which it was bound to foresee."

We are in accord with the doctrine that foreseeability has no place when we are considering *proximate or*

*legal cause.* Foreseeability, however, is an element, as above indicated, when the question of negligence is being considered. This Court has twice adopted this doctrine. In *Shipley v. Pittsburgh,* 321 Pa. 494, 184 A. 671, the suit was against the City of Pittsburgh, growing out of an alleged failure of construction and maintenance of a guard rail of a bridge through which a driver of a motor vehicle and guest passenger fell and were injured. This Court held that municipalities are required to keep their bridges in reasonably safe condition for public travel, and having failed to do so, the question of foreseeability *in connection with proximate cause* has no application.

The same doctrine is applied in *Hankins, Admr., et al. v. Mack,* 364 Pa. 417, 72 A. 2d 268. There the alleged negligence was inattention in hitting a person visible on the highway and in operating a motor vehicle with defective brakes. In that case we again said that foreseeability is not considered in connection with *proximate cause.*

Our examination of the evidence discloses that defendant did not breach any duty which he owed to plaintiff.

Judgment affirmed.