**Reilly v. Pyle**

*Stanley W. Rutkowski,* for plaintiffs.

*Barnes, VanArtsdalen, Pratt, Biester, Gathright & Price,* for defendant.

GARB, J., July 16, 1970.—Defendant has filed a preliminary objection in the nature of a demurrer to plaintiffs' complaint in trespass. This suit was instituted in the form of a class action on behalf of all persons who were production workers employed by the Badenhausen Corporation on January 20, 1969, and who were at that time working the first shift, there being a total of 360 such persons. The thrust of the complaint is to the effect that on the aforesaid date, at approximately 12 noon, a certain truck owned by defendant and operated by its employe struck a pole and guy wire, which, in turn, caused a suspension of electric power to the facilities of the Badenhausen Corporation, which caused plaintiffs to lose three and a half hours of their shift for loss of $10.84 each, or a total of $3,902.40. The operative paragraph of the complaint is paragraph 4, which reads as follows:

"While the said truck was travelling from the premises of the Badenhausen Corporation on State Road in Cornwell Heights, Pennsylvania, the said truck struck a pole and guy wire which in turn caused a suspension of electric power to the facilities of the Badenhausen Corporation causing plaintiffs to sustain the damages set forth below."

Defendant asserts that plaintiffs have failed to state a cause of action, because the loss of plaintiffs' wages under the circumstances as set forth in the complaint constitute a noncompensable loss to them.

Inasmuch as we have before us for disposition a preliminary objection in the nature of a demurrer, we must assume as admitted all facts which are well and clearly pleaded in the complaint: Erie v. Gulf Oil Corporation, 395 Pa. 383 (1959). Therefore, we assume that on or about January 20, 1969, at approximately 12 noon, plaintiffs were employed as production workers for the Badenhausen Corporation, working the first shift. On or about that day, at about that time, a truck duly owned by defendant and then and there being operated upon its business struck a pole and guy wire, causing a suspension of electric power to the Badenhausen plant and a resultant loss by plaintiffs of three and one-half hours of employment.

Learned counsel have not furnished us with any cases, nor has our independent research revealed any directly controlling the issue before us for disposition. Therefore, we look to general tort principles for a resolution. Ever since the announcement of Palsgraf v. Long Island Railroad Company, 248 N. Y. 339, 162 N. E. 99 (1928), the general principles controlling tort liability have been stated repeatedly with some consistency both in Pennsylvania and elsewhere. In Dahlstrom v. Shrum, 368 Pa. 423 (1951), it was stated that negligence is the absence of due care under

the circumstances. The test of negligence is whether the wrongdoer could have anticipated and foreseen the likelihood of harm to the injured person resulting from his act. The orbit of the danger as disclosed to the eye of reasonable vigilance would be the orbit of the duty. The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation. It is risk to another or to others within a range of apprehension.

Thus, it can be seen that the element of foreseeability is the touchstone of the determination of whether or not there has been negligent conduct. Unfortunately, this element of foreseeability which we perceive to be a sine qua non to negligence has often been confused with the element of proximate cause. It was stated in Irwin Savings & Trust Company v. Pennsylvania Railroad Company, 349 Pa. 278 (1944), that there must be a reasonable foreseeability of harm between the negligent act and the harm to plaintiff. In support of this bald statement, the Supreme Court in the foregoing case conducted an exhaustive analysis of the cases decided to that date, all of which would appear to decide the question of proximate cause rather than the question of negligence. The court in Irwin Savings & Trust Company v. Pennsylvania Railroad, supra, held that there was no foreseeability of harm within the context of that case to plaintiff, so, therefore, there was no proximate cause. This confusion in the law was recognized in the recent case of Whitner v. Lojeski, 437 Pa. 448 (1970), wherein the court noted that foreseeability has often been mistakenly applied as an element of proximate cause rather than an element of negligence only. The thrust of this case was to set forth the law of proximate cause, and in its definition thereof as that which is a substantial factor in bringing about the harm to plaintiff, it is clear that foreseeability has no place. The court opines that per-

haps the ultimate purpose of this aspect of tort law would be better served by a definition of negligence which would combine the concept of legal cause with the foreseeability by defendant, judged as a "reasonable man," of the risk of harm created by his conduct.

Consistent with the explication set forth in Dahlstrom v. Shrum, supra, is that set forth in Brusis v. Henkels, 376 Pa. 226 (1954). Therein, after stating that negligence is the absence of care under the circumstances, the court states that the test of negligence is whether the wrongdoer could have anticipated and foreseen the likelihood of harm to the injured person, resulting from his act. The orbit of the danger as disclosed to the eye of reasonable vigilance is the orbit of duty. Conduct is negligent only if the harmful consequences thereof could reasonably have been foreseen and prevented. As stated in Tua v. Brentwood Motor Coach Company, 371 Pa. 570 (1952), want of ordinary care consists in failure to anticipate what is reasonably probable, and not what is remotely possible. If the actor's conduct is a substantial factor in bringing about the harm to another[1] the fact that he neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable: Vereb v. Markowitz, 379 Pa. 344 (1954).[2]

It has likewise been stated, and also on the theory of foreseeability, that a breach of duty owed to one class of persons cannot create a cause of action in favor of a person not within that class. Plaintiff must

[1] By virtue of Whitner v. Lojeski, supra, the proximate cause thereof.

[2] We do not perceive that Vereb v. Markowitz in any way overruled the general principles set forth in Dahlstrom v. Shrum, supra, as asserted by plaintiffs in their brief. On the contrary, we perceive that Vereb v. Markowitz, supra, distinguished Dahlstrom v. Shrum, supra, by the application of the very same legal principles.

show that as to him there was a breach of duty:[3] Bouy v. Fidelity-Philadelphia Trust Company, 338 Pa. 5 (1940). Irwin Savings & Trust Company v. Pennsylvania Railroad Company, supra, in what we perceive to be an alternative holding to that set forth above held that there was no negligence because there was no breach of duty to a class of persons into which plaintiff fell. As there was no breach of duty to plaintiff, there was no negligence upon which a recovery could be based. The court held that if defendant's conduct created a reasonable risk of harm only to a particular class of person, the fact that it caused harm to a person of a different class, to whom the actor could not have reasonably anticipated injury, the actor is not liable to the person so injured. That court cited for this proposition Harris v. Lewistown Trust Company, 326 Pa. 145 (1937).[4] Again, in Brusis v. Henkels, supra, the court held that if the actor's conduct creates a recognizable risk of harm only to a particular class of persons, the fact that it causes harm to a person of a different class, to whom the actor could not reasonably have anticipated injury, does not render the actor liable to the person so injured.

We do not perceive that defendant takes strenuous exception to these fundamental principles. Neither do we understand defendant to assert that the disability in plaintiffs' claim is one of proximate cause. Rather, defendant contends that there is no cause of action stated because, as a matter of law, one cannot recover when the wrongful conduct of another in some way

[3] On basic tort theories set forth in Palsgraf v. Long Island Railroad, supra.

[4] This alternate holding renders the Irwin Savings & Trust Company v. Pennsylvania Railroad Company case even more confusing, because in the alternate holding it seems to recognize the element of foreseeability as an element of negligence rather than as an element of proximate cause as indicated earlier in the same opinion.

results in the impairment of a contract right of plaintiff. Thus, defendant relies on the holding of Robins Dry Dock & Repair Co. v. Flint, 275 U. S. 303, 48 S. Ct. 134, 72 L. Ed. 290 (1927). While admittedly that case so held, it denied liability to a charterer of a ship damaged as the result of the alleged negligence of defendant and denied plaintiff the right to recovery for loss of profits during the time plaintiff would have had the use of the said vessel.

Of greater immediacy, defendant cites Stevenson v. East Ohio Gas Co., 73 N. E. 2d 200 (Ohio App. 1946), for the proposition that a plaintiff cannot recover for lost wages where he is unable to work as the result of a fire negligently caused by defendant. However, it should be pointed out that in that case plaintiff was employed in a premises not damaged directly by the fire itself. Rather, there was an explosion and fire to a premises in the vicinity of that upon which plaintiff was employed and plaintiff was unable to work because the premises in which he worked with others was evacuated for a period of time, because of fear of additional explosions. Certainly, where foreseeability is involved, this is considerably more remote than had it been the premises in which he was employed which was damaged by the explosion and fire. The court therein held that there was no cause of action in plaintiff because his contract rights of employment were not within the foreseeable orbit of harm flowing from defendant's negligence. Therefore, it was held to be too remote.[5] See also Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So. 2d 228 (1957), also decided on the Robins Dry Dock case rationale.

---

[5] The court in this case seemed to be motivated to a great extent by the fact that allowing liability in this situation would open a veritable floodgate of litigation.

Defendant likewise places some reliance on a line of cases in the Federal courts apparently brought under the maritime law by seamen for lost wages incurred when the ships on which they worked were damaged as a result of negligent conduct of another. These cases decided, based on the rationale of the Robins Dry Dock case, that a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under contract with that other person *unknown to the doer of the wrong.* See Guarrasi v. Panama Canal Company, 271 F. Supp. 678 (Dist. Canal Zone, 1967); Henderson v. The Arundel Corporation, 262 F. Supp. 152 (Dist. Md., 1966) and Casado v. Schooner Pilgrim, Inc., 171 F. Supp. 78 (Dist. Mass., 1959). However, to the contrary see Carbone v. Ursich, 209 F. 2d 178 (9th Cir., 1953), wherein the fishermen-crewmen of the damaged vessel were permitted to recover apparently on a theory applicable solely to fishermen because of the fact that they had a property right in the catch.

Defendant also cites Petition of S. C. Loveland Co., 170 F. Supp. 786 (E. D., Pa. 1959), for the general proposition that there is no cause of action for negligent impairment of a contract right. However, as we read this case, the holding, in this regard, is merely that negligence which results in interference with the contract right of another is no basis for a cause of action for damages where the negligent party has no belief or knowledge of the existence of such contract right. We do not perceive that this holding is in any way inconsistent with the holding of Guarrasi v. Panama Canal Company. Once again, these cases can be rationalized with basic tort principles on the ground that where there is knowledge or reasonable cause to know of the contract right of employment, there would

be foreseeability of the harm and, therefore, negligence upon which a recovery could be had.

As previously noted, no case in Pennsylvania directly on point has been brought to our attention. As a general proposition we cannot accept the principle that wrongful conduct of another causing plaintiff to lose some time from his employment where he is not himself physically injured would in all cases bar him from a recovery from the wrongdoer. It is not inconceivable to us that under an appropriate set of circumstances it could be shown that it would be readily foreseeable to a reasonable person that such loss would be the natural and probable result of a wrongful act.

Our holding in Sherman v. Heitz, 46 D. & C. 2d 177, 18 Bucks 537 (1968), does not derogate from this result. We held therein that there was no cause of action there stated on the grounds that there is no natural right in one person to damages for injuries inflicted upon another. That was a case involving vicarious recovery for damage to another where a child claimed damages for loss of the services of his mother resulting from injuries to his mother. Our citation therein of Robins Dry Dock & Repair Co. v. Flint, supra, and Stevenson v. East Ohio Gas Co., supra, was for the purpose of supporting that conclusion, and not in any way relevant to the factual situation now before us.

We, of course, have no way of knowing what the future of tort law will hold. We do know that this is a dynamic area of the law in which old, seemingly insurmountable bastions are crumbling. We have recently seen the repudiation of the impact doctrine in Pennsylvania: see Niederman v. Brodsky, 436 Pa. 401 (1970); the fall of charitable immunity: see Nolan v. Tifereth Israel Synagogue, 425 Pa. 106 (1967), and Flagiello v. Pennsylvania Hospital, 417 Pa. 486

(1965); a serious ongoing assault on the doctrine of governmental immunity: see Laughner v. Allegheny County, 436 Pa. 572 (1970); and a total reappraisal of the whole area of products liability: see Webb v. Zern, 422 Pa. 424 (1966); Forry v. Gulf Oil Corporation, 428 Pa. 334 (1968); Bialek v. Pittsburgh Brewing Company, 430 Pa. 176 (1968); Miller v. Preitz, 422 Pa. 383 (1966); Burbage v. Boiler Engineering & Supply Company, Inc., 433 Pa. 319 (1969) and Kassab v. Central Soya, 432 Pa. 217 (1968).

The concept of negligence itself is now recognized as designed not only to permit recovery for a wrong, but also to place such limits upon liability as are deemed socially or economically desirable from time to time: Whitner v. Lojeski, supra. The "floodgate" theory (see note 5 herein) is no longer viable: Niederman v. Brodsky, supra. In the absence of some authority to the contrary, we are not prepared to say as a matter of law at this time that there can be no cause of action in plaintiffs for loss of wages resulting from the discontinuance of electric power to their place of employment, resulting from some wrongful act of defendant, if, in fact, the resultant loss of employment was reasonably foreseeable at the time of the wrongful act.

We are unable to make a determination based upon the allegations of this complaint as to whether or not the resultant loss of employment was clearly not foreseeable as a matter of law. That is because we have no way of knowing the geographic location of the pole and guy wire allegedly struck by defendant's truck, as well as the other circumstances thereof. It conceivably could have been at a location so remote from the Badenhausen Corporation plant that no reasonable person could foresee that damage to it could result in loss of electric power at the Baden-

hausen Corporation plant. Therefore, based upon the allegations in this complaint, the demurrer must be overruled.

## ORDER

And now, to wit, July 16, 1970, defendant's demurrer is denied with leave to file an answer within 20 days hereof.