**McVeigh v. Irving**

*Thomas J. Golden III,* for plaintiff.
*Clinton L. Johnson,* for defendants.

McGOVERN, *J.,* March 31, 1995—Defendant, Lewis M. Irving, has appealed following the denial of his post-trial motions, hence this opinion.

Plaintiff, Michael J. McVeigh, on November 4, 1988, stopped at a service station owned by the defendants and located at 9th and Tilghman Streets, in Chester, Pennsylvania. While plaintiff was putting gas in his truck, the defendants' service manager Dale Poorman, invited plaintiff into the garage's service bay and asked if plaintiff would examine a suspected electrical problem with the hydraulic lift. (N.T. 36 2/15/94; trial exhibit P-1.) Mr. Poorman, who is not a party to this lawsuit, knew that plaintiff was a heating and air conditioning mechanic, and believed, therefore, that he had experience in electrical matters. (Trial exhibit P-1.) Plaintiff agreed to look at the defendants' hydraulic lift and climbed up on a ladder to do so. (N.T. 38 2/15/94; trial exhibit P-1.) Then, plaintiff, in an effort to obtain an improved vantage point, placed his right foot on a nearby tool cabinet which, unknown to plaintiff, rested on wheels. (N.T. 38-39 2/15/94; trial exhibit P-1.) The cabinet suddenly moved, causing plaintiff to fall and fracture his left wrist. His injury required surgery and the insertion of metal pins. (N.T. 39-47 2/15/94.)

Defendants argued at trial that plaintiff was a trespasser who wandered into the service bay area of the station and climbed the ladder on his own. Defendants also claimed that the plaintiff was contributorily negligent and, further, that defendants could not be held individually liable for the conduct of defendant, L.A.K., Ltd., since the latter was a corporate entity, rather than the partnership set forth in the caption of the complaint originally filed.

Following a non-jury trial, verdict was entered allocating 50 percent of the causal negligence to plaintiff and 50 percent to the defendant, Lewis M. Irving, individually and trading as L.A.K., Ltd., awarding, therefore, the sum of $8,000 to plaintiff. Verdict was entered in favor of the remaining defendants and against the

plaintiff. Defendant Irving filed timely post-trial motions which have been denied. This appeal resulted.

The defendant claims, on appeal, that the court erred in its allocation of negligence, in its finding of individual liability against the defendant, Lewis M. Irving, in its finding that the defendant, Lewis M. Irving, was negligent, in its finding that this plaintiff's conduct was foreseeable, and in refusing to allow defendant to file an amended answer to the complaint at trial so as to conform with the evidence.

All of defendant's contentions, save the court's refusal to allow an amended complaint, can be easily discussed together under the umbrella of causal negligence.[1]

Defendant argues that he cannot be held responsible for the unknown and unforeseen actions of the service manager, Dale Poorman, since the latter was not a party to this lawsuit, and had neither apparent nor actual authority to direct plaintiff to perform an inspection of the hydraulic lift. Defendant argues that the theory of respondeat superior has not been established. Defendant's contentions in this regard are boilerplate and unsupported by any legal argument and, therefore, should be deemed waived. Pa.R.A.P. 302; Pa.R.C.P. 227.1; *Frank v. Peckich,* 257 Pa. Super. 561, 391 A.2d 624 (1978).

Defendant further argues that plaintiff failed to prove a defect in the ladder or the wheeled tool cabinet, and thus defendant cannot be held negligent. It is clear that this is not a product liability case and the defendant is, indeed, responsible for *conditions,* even though the conditions in and of themselves may not be possessed of manufacturing or other defects. If the condition pre-

---

1. Throughout the balance of this opinion, the word "defendant" refers to defendant, Lewis M. Irving, individually, who was doing business as L.A.K., Ltd., and is also referred to in the notes of testimony as Lewis M. Hunt Irving.

sents a danger, the defendant has a duty. Such is clearly and unassailably the law of this Commonwealth. Defendant's contention here, too, is boilerplate and, therefore, should be deemed waived. Pa.R.A.P. 302; Pa.R.C.P. 227.1; *Frank v. Peckich, supra.*

Further, defendant argues that the defendants could not have foreseen that plaintiff would have placed his right foot on the wheeled tool cabinet so as to obtain a better vantage of the hydraulic lift. Therefore, argue the defendants, they owed no duty to the plaintiff. *Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983); *Liney v. Chestnut Motors Inc.,* 421 Pa. 26, 218 A.2d 336 (1966); *Greenspan and Greenspan v. Edrondale Inc. and Faggioli,* 73 Del.Co.Repts. 593 (1986), *affirmed,* 366 Pa. Super. 645, 526 A.2d 1237 (1987). Defendant also contends that plaintiff's conduct was unreasonable and, indeed, plaintiff admitted at trial that he might have been "wrong" for not climbing down and moving the ladder to a different position.

Defendant simply misconstrues or misunderstands the law of negligence. Foreseeability has never been defined in terms of whether a defendant was able to foresee the precise manner of injury, but rather, whether a defendant should reasonably have been aware of a condition dangerous to persons on his property. The defendant, in short, must conduct himself as a reasonably prudent person would under the circumstances and exercise ordinary care. The failure to exercise such care is negligence. *Thompson v. Reading Company,* 343 Pa. 585, 23 A.2d 729 (1942); *Bisson v. John B. Kelly Inc.,* 314 Pa. 99, 170 A. 139 (1934). Therefore, plaintiff need only establish that the defendant breached a duty of care owed to people in the plaintiff's position. *Leoni v. Reinhard,* 327 Pa. 391, 194 A. 490 (1937). It is clear that conduct is negligent only if the harmful consequences thereof could reasonably have been foreseen

and prevented. *Venzel v. Valley Camp Coal Company,* 304 Pa. 583, 156 A. 240 (1931). This Commonwealth, consistent with Restatement (Second) of Torts §281 (1965), has traditionally defined negligence in terms of foreseeability. *Fredericks v. Castora,* 241 Pa. Super. 211, 360 A.2d 696 (1976); *Palsgraf v. Long Island R. Co.,* 248 N.Y. 339, 162 N.E. 99 (1928). The search is then to determine whether the defendant could have reasonably anticipated the likelihood of harm to one in the plaintiff's position resulting from the condition upon his premises. Was there an absence of ordinary care under the circumstances? *Scurfield v. Federal Laboratories Inc.,* 335 Pa. 145, 6 A.2d 559 (1939); *Palsgraf v. Long Island R. Co., supra.* See also, *Brusis v. Henkels,* 376 Pa. 226, 102 A.2d 146 (1954), quoting from *Dahlstrom v. Shrum,* 368 Pa. 423, 84 A.2d 289 (1951). Then, if negligence is found, the inquiry must proceed to determine whether or not that negligence was a substantial factor in bringing about harm to the plaintiff.

Here, the tool cabinet in question, although resting upon wheels and of some appreciable height, did not immediately alert someone such as plaintiff to the reality of its instability. In other words, the wheels were not immediately obvious. Defendant's employee certainly was aware of the nature of this tool cabinet, was aware of the need to climb in order to view the suspected electrical problem, and stood by while plaintiff proceeded to do as he had been asked by defendant's employee. Neither warning nor caution were communicated by the employee. Any number of precautionary measures could have been taken under the circumstances but were not. Thus, the evidence clearly supports the conclusion that defendant's employee, then and there in charge of the service station in question, indeed invited the plaintiff into that service station to examine an electrical malady with the hydraulic lift within the service bay. The same employee was a manager of

this service station and there is no reason in the evidence or in the appearance presented by the circumstances here to conclude that he lacked authority to correct such maladies. Indeed, the proper functioning of the hydraulic lift, together with the balance of the service station, was this employee's responsibility, assigned by defendant. This employee was aware of the condition of the tool cabinet, of the ladder, and of the need to obtain height in order to inspect the electrical problem.

The owners of the property, their managers and this employee did nothing to caution one who might be inspecting this electrical problem that he ought not to stand on the tool cabinet, or that some braking mechanism should be used so as to render the tool cabinet stable.

The condition was a dangerous one which the defendant had a legal duty to correct and render the condition safe, or at least caution persons in the plaintiff's position. The defendant certainly knew or reasonably should have known of this condition. The service manager, acting within the scope of his authority, was negligent, as was his employer, the defendant. *Scurfield v. Federal Laboratories Inc., supra; Palsgraf v. Long Island R. Co., supra; Brusis v. Henkels, supra; Dahlstrom v. Shrum, supra;* Restatement (Second) of Torts §284.

Further, it was the defendant's breach of the aforesaid duty that was a substantial factor in bringing about harm to the plaintiff. There was legal cause. *Casey v. Geiger,* 346 Pa. Super. 279, 499 A.2d 606 (1985), *appeal denied,* 516 Pa. 638, 533 A.2d 710 (1987); *Cummins v. Firestone Tire & Rubber Company,* 344 Pa. Super. 9, 495 A.2d 963 (1985); *Fredericks v. Castora, supra.* Defendant continues to confuse the element of foreseeability which is not an element in determining

whether or not negligence was the proximate cause of harm but is an element to be considered in whether or not the actor's conduct was negligence. *Little v. York County Earned Income Tax Bureau,* 333 Pa. Super. 8, 481 A.2d 1194 (1984), *appeal dismissed,* 510 Pa. 531, 510 A.2d 351 (1986).

It is respectfully suggested that the record contains ample evidence from which the court could conclude that Mr. Poorman's conduct was negligent, that such negligence should be imputed to the defendant, and that such negligence was the proximate cause of plaintiff's injuries. There were no verbal warnings or other precautionary measures taken and such are clearly available. (See N.T. 33-35; 45 2/26/94.) Defendant clearly recognizes the general danger of the service bay area by specifically stating that that area was restricted so that the general public could not enter into it. It is respectfully suggested that this record also supports the trial court's allocation of causal negligence.

Finally, defendant argues that the trial court erred when it refused to allow defendant to amend his answer to "conform with the evidence presented at trial." The evidence to which defendant makes references suggests that the defendant, L.A.K., Ltd., was a Pennsylvania corporation and not a partnership as was alleged in plaintiff's complaint. *Horowitz v. Universal Underwriters Insurance Company,* 397 Pa. Super. 473, 580 A.2d 395 (1990). As a corporation, the defendant, L.A.K., Ltd., would shield the defendant, Lewis M. Irving, from individual liability for the negligence of his service manager, Mr. Poorman. The evidence discloses that L.A.K., Ltd. has been "defunct" since 1991. Defendant no longer operates the subject service station and his only asset is apparently stock in the aforementioned defunct corporation. Defendant also argues that plaintiff

would not be prejudiced by allowing the amended answer to the complaint.

Defendant's original answer admitted plaintiff's allegation that "At all times pertinent to this complaint, defendant Lewis M. Irving was a general partner in the partnership known as L.A.K., Ltd., which owned and operated a Mobil Service Station located at 9th and Tilghman Streets, Chester, Delaware County, Pennsylvania." Plaintiff read this admission into the record at trial. (N.T. 6-7 2/15/94.) Defendant at trial failed to offer any credible evidence which would prove the existence of a corporation. (N.T. 5 2/15/94.) Defendant did not cross-examine plaintiff as to any investigation concerning defendant's alleged corporate status, or as to any "prominent display" of corporate documents in or at the service station. (N.T. 60-80 2/15/94; N.T. 3-6 2/16/94.) The only evidence of corporate status in the record before us is the self-serving and uncorroborated averments of the defendant in that regard. (N.T. 19-27 2/16/94.) There is no documentation or other physical evidence in this record suggesting the existence of such a corporation. (N.T. 23; 19-61 2/16/94.) Indeed, a sale agreement introduced into evidence concerning the subject property includes the defendant's signature as an individual, as well as those of his business partners who are not parties to this lawsuit, but no corporate execution. (Trial exhibit P-2.) There is no indication in the aforesaid document of any corporate entity being either buyer or owner of the service station where plaintiff fell. Since defendant has failed to present any credible evidence from which the factfinder could conclude that there was a corporate entity to shield the individual defendant and since defendant judicially admitted that he was engaged in a partnership, the court properly denied defendant's re-

quest to amend his answer. Pa.R.C.P. 1033; *Horowitz v. Universal Underwriters Insurance Company, supra; Sheppard v. First Pennsylvania Banking & Trust Company*, 199 Pa. Super. 190, 184 A.2d 309 (1962).

It is for the foregoing reasons that this court denied defendant's post-trial motions, and, it is respectfully suggested that there was neither error nor an abuse of discretion in so doing.