**James R. SADOWSKI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 94–CV–7111.**

United States District Court,
E.D. Pennsylvania.

Nov. 27, 1995.

basketball game, causing Mr. Sadowski to land on and injure his right shoulder.

The Government does not dispute that Mr. Sadowski fell on his shoulder and injured it during a pick-up basketball game at the V.A. Hospital. Nor does it quibble with Mr. Sadowski with respect to his damages. Instead, the Government argues that V.A. staff personnel (the "program administrators") were not negligent, and that the injury suffered by Mr. Sadowski was unrelated causally to any actions or failure to act on the part of program administrators. Alternatively, the Government argues that by voluntarily joining the basketball game, Mr. Sadowski assumed the risk of injury. The Government has submitted its proposed findings of fact and conclusions of law, and the matter is now ripe for decision.[1] Accordingly, the Court makes the following factual findings and legal conclusions pursuant to Fed.R.Civ.P. 52.

James R. Sadowski, Atlantic City, NJ, Pro Se.

Joan K. Garner, U.S. Attorneys Office, Deputy Chief, Civil Division, Philadelphia, PA, for Defendant.

## DECISION

JOYNER, District Judge.

This case arising under the Federal Tort Claims Act was tried before this Court in a two-hour, non-jury trial on the morning of November 6, 1995. The plaintiff, who presented his case without the assistance of counsel, is James R. Sadowski, a veteran who was undergoing treatment for alcohol addiction at the Veterans Affairs Medical Center in Coatesville, Pennsylvania during the time period relevant to this lawsuit. Mr. Sadowski has alleged in his complaint that the medical center staff, employees of the federal Government, negligently failed to protect him from a man the plaintiff identifies only as "Mr. Robinson," another patient who had threatened to "get" Mr. Sadowski. As a result of this negligence, Mr. Robinson was able to strike Mr. Sadowski during a pick-up

### FINDINGS OF FACT

1. On November 13, 1991, Mr. Sadowski entered the V.A. Medical Center in Coatesville, Pennsylvania for treatment of alcohol addiction. Mr. Sadowski was admitted to the Substance Abuse Treatment Unit ("SATU") on a voluntary inpatient basis.

2. SATU patients were required to report to program administrators any infraction of the program's "behavioral cautions, rules and prohibitions" committed by any other patient.

3. Mr. Sadowski reported an infraction committed by a patient the plaintiff refers to as "Mr. Robinson."

4. Mr. Sadowski testified that Mr. Robinson threatened to retaliate against him for his reporting of the infraction.

5. Mr. Sadowski also testified that he brought the threat to the attention of Alvin Brooks, a therapist and program supervisor.

6. Mr. Brooks testified that he was never made aware of any threat.

7. Mr. Brooks kept careful and meticulous notes concerning the treatment and progress of the patients.

---

1. Mr. Sadowski has elected not to file proposed findings of fact and conclusions of law.

8. A threat made by one patient to another is a serious offense, one that would result in the expulsion of the one making the threat from the program.

9. There is no mention of any threat in Mr. Brooks's progress notes. Nor is there any record of any threat in any hospital document. No action was taken against Mr. Robinson.

10. Patients were encouraged to participate in one of a number of recreational activities periodically during the course of the treatment. One such recreational activity was basketball.

11. On the evening of December 2, 1991, during the time allotted for recreational activity, Mr. Sadowski voluntarily elected to play in the pick-up basketball game. Mr. Robinson was also a participant in the game.

12. During the course of the game, Mr. Sadowski fell on his shoulder, suffering a severe injury. Mr. Sadowski asserts that the fall came about as a result of an intentional assault by Mr. Robinson. Mr. Robinson was not named as a defendant and did not testify at trial.

13. Norine Hawes, who supervised the recreational activities that evening, testified that no other player was close enough to have touched Mr. Sadowski at the time he fell. It appeared to Ms. Hawes that Mr. Sadowski tripped over his own feet.

14. Ms. Hawes went to Mr. Sadowski's aid and remained with him until Debbie Flint, the nurse on duty, arrived. Mr. Sadowski never complained to either Ms. Hawes or Nurse Flint that he had been pushed to the floor. Indeed, Mr. Sadowski told Nurse Flint that he "just came down on it." There is no record of Mr. Sadowski telling any of the treating personnel that he was pushed to the floor.

## DISCUSSION

Mr. Sadowski brings his claim pursuant to the Federal Tort Claims Act ("FTCA"), which provides, in relevant part, as follows:

the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (1993). Thus, the FTCA represents a waiver of the federal Government's sovereign immunity for tort claims in which the alleged tortfeasor is the United States, its agencies, or a Government employee acting within the scope of his employment. *Ferguson v. United States,* 793 F.Supp. 107, 109 (E.D.Pa.1992). The Government's liability is determined by applying the tort law of the state in which the act or omission occurred. *Rodriquez v. United States,* 823 F.2d 735 (3d Cir.1987).

Thus, we must decide whether Mr. Sadowski is entitled to recover under Pennsylvania law. As we have noted, Mr. Sadowski's claim is one alleging negligence. The test for negligence in Pennsylvania is "whether the wrongdoer could have anticipated and foreseen the likelihood of harm to the injured person, resulting from his act." *Dahlstrom v. Shrum,* 368 Pa. 423, 425, 84 A.2d 289, 290 (1951). Moreover, if a plaintiff is to prevail in his negligence action, he must demonstrate the following:

"(1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another."

*Carson v. City of Philadelphia,* 133 Pa. Cmwlth. 74, 574 A.2d 1184, 1187 (1990) (quoting *Morena v. South Hills Health System,* 501 Pa. 634, 642, 462 A.2d 680, 684 n. 5 (1983)).

With these standards in mind, we turn now to the facts educed at trial to determine whether Mr. Sadowski is entitled to relief. He asserts Defendant was negli-

gent in that program administrators were put on notice that Mr. Robinson planned to assault him physically, and failed to take adequate precautions to keep the two men separated. As a result of their negligence, the argument continues, Mr. Robinson was allowed to, and did, assault him on the basketball court. Upon review of the evidence presented at trial, however, we first conclude that Mr. Sadowski has failed to show that Mr. Brooks or any other program administrator was put on notice as to the alleged threat made by Mr. Robinson. In so finding, we note that Mr. Brooks testified that he was not informed of such a threat, and that reference to the threat does not appear anywhere in Mr. Brooks's careful collection of notes. We also consider the seriousness with which such threats are viewed by program administrators, and note that Mr. Robinson was never reprimanded. Surely, if Mr. Brooks had been alerted to the threat, he would have made note of it, and Mr. Robinson likely would have been expelled from the program. Accordingly, since Defendant was not on notice as to the threat, the risk that Mr. Robinson would deliberately injure Mr. Sadowski was not foreseeable. We therefore hold that Defendant was not negligent, and as a result, cannot be liable.

■ Moreover, we are unconvinced that Mr. Robinson caused Mr. Sadowski's injury. On this point, the plaintiff failed to produce an unbiased witness who could testify to that effect, and failed to rebut the testimony of Ms. Hawes, who stated that Mr. Sadowski appeared to trip over his own feet. Indeed, he did not state that he was pushed to the floor in the immediate aftermath of the incident, or confront or accuse his assailant, as one who has been assaulted would likely do. Thus, while we sympathize with Mr. Sadowski and appreciate the extent of his injuries, it appears to us that they were likely caused by his clumsiness, and not by a fellow patient bent on revenge. For this reason as well, we must reject Mr. Sadowski's claim.

Accordingly, we enter the following

### CONCLUSIONS OF LAW

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b).

2. Plaintiff has failed to prove by a preponderance of the evidence that Defendant was negligent.

3. Judgement is entered in favor of Defendant on all counts of Plaintiff's Complaint.

An appropriate order follows.

### ORDER

AND NOW, this 27th day of November, 1995, following a non-jury trial in this matter, and for the reasons set for in the preceding Decision, it is hereby ORDERED that VERDICT and JUDGMENT are entered in favor of Defendant in no amount on Plaintiff's Complaint.