# McCaughey v. American Ice Company, Appellant. (No. 1.)

*Negligence—Proximate and remote cause—Collision with wagon—Pedestrian.*

Where the driver of a heavy wagon makes a turn on a sloping roadway at such speed that his wagon skids and strikes a milk wagon which in turn strikes a woman standing in a safe place on the pavement, the employer of the driver will be responsible in damages for the injuries sustained by the woman.

Argued Oct. 21, 1910. Appeal, No. 170, Oct. T., 1910, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1908, No. 843, on verdict for plaintiff in case of Eliza McCaughey v. American Ice Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARR, J.

The facts are stated in the opinion of the Superior Court.

Verdict for Eliza McCaughey for $2,000 and for Hugh D. McCaughey for $1,000. Subsequently judgment was entered on the verdicts for $1,400 and $600, respectively, all above those amounts having been remitted. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Frank R. Savidge*, for appellant.

*J. Morris Yeakle*, for appellees.

OPINION BY ORLADY, J., March 3, 1911:

The proximate and sole cause of the plaintiff's injuries, was the defendant's heavy ice wagon violently striking a milk wagon, and forcing it against her with such force

that she was thrown backward on the pavement on which she had been standing.

The only possible cause of this collision was the speed with which the driver of the ice wagon was making his turn on a sloping roadway. Had he been driving with less haste, his wagon would not have slipped or skidded, and the accident would not have happened. From his testimony, he was not unaccustomed to such incidents. When asked, "Why didn't you come around easy and smooth if you knew the incline was there?" replied, "I had been driving that way before and I never had an accident before." He admitted striking the milk wagon while he was going around the corner at a trot, and stated, "as a general rule when we strike a wagon the driver of the other wagon always calls you a name, and I turned around to see what he was going to say to me, and I happened to see the woman on the pavement."

The plaintiff was standing in a proper place—on the pavement; the chain of events between the driver's negligent act and the final result was a very short one, in fact but a moment of time intervened, and the occurrence was properly considered by the court and jury as a single incident, not complicated in any way with contributory negligence on her part, or with any intervention of any other agency.

The driver had a wide street before him, and his team was under his control. His haste was the sole cause of the trouble and his employer must stand responsible for that. It is not necessary to burden the opinion with citations of authorities in a case which is so manifestly free from error. The case was fairly tried and the proper verdict rendered.

The judgment is affirmed.