## Shipley, Appellant, *v.* Pittsburgh.

Argued April 10, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*John J. McGrath,* with him *Frank F. Troup* and *Asa L. Carter,* for appellant.

*Wm. A. Stewart, Jr.,* Assistant City Solicitor, with him *William B. Secrist,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE LINN, April 30, 1936:

The judgment cannot be sustained. The plaintiff, a guest in an automobile, was injured when the car crashed through a defective railing on Heth's Run Bridge, a part of a city street in Pittsburgh carrying a public highway over a deep gully. It became necessary for the driver of the car to avoid colliding with another car that suddenly stalled in front of it on the bridge; she attempted to avoid it by passing around it, but, by some mishap, crossed the center line of the bridge and "the left half of the road, mounted a five inch curbstone on the bridge" and proceeded "across a 'fourteen foot' sidewalk and hit the railing of the bridge . . . crashed through the railing and fell into the gully below."*

The evidence is not printed but the instructions to the jury indicate that there was ample testimony to justify a finding that the guard rail had become defective, that the city had notice of the fact, and that the evidence would support a finding of liability on the part of the city if properly submitted to the jury. The learned trial judge asked the jury to answer special interrogatories; one was as follows: "The first question you have to determine is whether or not that accident was such accident as should have been reasonably anticipated by the City of Pittsburgh in the construction and maintenance

---

* Quoted from the opinion filed in the court below.

of that guard rail at that particular place." The jury was instructed that if the interrogatory was answered "No," further deliberation was unnecessary, and a verdict for defendant was required. The jury answered "No" and accordingly found for defendant.

The appellant plaintiff contends very properly that this was an inadequate submission of the ultimate issue. Municipalities must keep their bridges "in such condition as to be reasonably safe for public travel": *Dalton v. Upper Tyrone Twp.*, 137 Pa. 18, 23, 20 A. 637; *Winegardner v. Springfield Twp.*, 258 Pa. 496, 102 A. 134; *Eichenhofer v. Phila.*, 248 Pa. 365, 93 A. 1065; *Jackson Twp. v. Wagner*, 127 Pa. 184, 17 A. 903; *McCracken v. Curwensville Boro.*, 309 Pa. 98, 163 A. 217. On this record the issue for the jury was whether the city had performed that duty and, if not, whether its failure was a substantial factor in producing the plaintiff's injury. The negative answer to the single question answered, without more, was not decisive. Compare *Panek v. Scranton Ry. Co.*, 258 Pa. 589, 102 A. 274. "If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable": *Restatement, Torts*, section 435. In *Bunting v. Hogsett*, 139 Pa. 363, 374, 21 A. 31, we said: "The engineer would be held to have foreseen whatever consequences might ensue from his negligence without the intervention of some other independent agency, and both his employer and himself would be held for what might, in the nature of things, occur in consequence of that negligence, although, in advance, the actual result might have seemed improbable." See also *Quigley v. Canal Co.*, 142 Pa. 388, 397, 21 A. 827; *Howarth v. Adams Express Co.*, 269 Pa. 280, 112 A. 536; *Yuhasz v. Pitt Construction Co.*, 305 Pa. 166, 157 A. 461.

Judgment reversed and new trial awarded.