Dolores BARKER, Administratrix of the Estate of Robert P. Ebbecke, Deceased,

v.

CITY OF PHILADELPHIA, Room 202, City Hall, Philadelphia, Pennsylvania.

Civ. A. No. 14685.

United States District Court
E. D. Pennsylvania.

Aug. 31, 1955.

John R. McConnell (of Morgan, Lewis & Bockius), Philadelphia, Pa., for plaintiff.

Abraham L. Freedman, Philadelphia, Pa., for defendant.

LORD, District Judge.

This action was instituted by Dolores Barker, administratrix of the estate of Robert P. Ebbecke, deceased, to recover damages under the Wrongful Death, 12 P.S. §§ 1601 et seq., and Survival Statutes of Pennsylvania, 20 P.S. ch. 3 Appendix, § 771, for the death of Robert P. Ebbecke, a minor, on August 18, 1952. Plaintiff alleged the minor's death resulted from the negligent operation of one of the City of Philadelphia's trash trucks.

The case was tried before a jury and resulted in verdicts in favor of the estate and the parents of the deceased minor. Defendant has filed the present motion to set aside the verdicts and for judgment n. o. v.

The question is: Should a prudent or reasonably cautious man have foreseen that the alleged negligent act of defendant would result in the injury sustained?

The accident occurred in a densely populated section of the City of Phila-

delphia. The City maintained a garage for its trash trucks approximately one and one-half blocks from the scene of the accident. The street on which the garage is situated is the same street on which the misfortune occurred. The trucks used this street regularly in traveling to and from the garage. As a result of such use, the drivers of the trucks were thoroughly familiar with the fact that this was a neighborhood of children.

On the east side of the block where the accident occurred is a vacant lot which attracts children from time to time. On the west side of the same block is a City playground where at the time of the accident, "quite a gang of" children were playing.

On the afternoon of the accident, the driver of the City's truck was proceeding down this street to the garage. As he approached the scene where the accident occurred, he came upon another City truck double-parked in the street and headed in the same direction. The driver of the double-parked vehicle motioned that it was all right to proceed around him. Thereupon, the driver of the City truck which was in motion turned out into the extreme left-hand side of the street, in attempting to pass the City vehicle which was parked. While doing so, the driver noticed a huge piece of brown wrapping paper approximately six feet in diameter and two or three feet in height. This paper was lying partially in the gutter and partially on the curb on the east side of the street. The driver stated he did not desire to run over the paper because it might contain broken bottles and thus injure the tires of the truck. He attempted to avoid it by judging the distance between the paper and the City trash truck that was double-parked. After endeavoring to pass between these two objects, he then proceeded on to the garage.

What, in fact, actually happened was that the driver misjudged the truck's position with respect to the paper and ran over it, crushing to death the boy who was under the paper with a playmate.

At the conclusion of the trial, the Court charged the jury in substance as follows:

"In the argument of counsel much has been said as to the foreseeability of the danger on the part of the truck driver. The law as to this is that one cannot be held legally liable for injury to the personal property of another unless by the exercise of that degree of care and caution which a prudent or reasonably cautious man, acting under similar circumstances, would exert could he have foreseen, not the extent of the injury or damage, or manner in which it occurred, but could have foreseen that some injury or damage to the person or property of another would reasonably be expected to ensue as the result of his action or conduct.

"In this case the question for you to determine as a fact is whether the truck driver acted as a reasonably prudent and cautious man would act in driving his truck under the facts and the evidence as they have been testified to in this case. If he did you should find for the defendant. If he did not your verdict should be for the plaintiff. Could he have foreseen that the injury would reasonably be expected as a result of his conduct? If he could, you should find for the plaintiff. If he could not, your verdict should be for the defendant."

To determine if there was negligence, it is necessary to ascertain first if a prudent or reasonably cautious man should have foreseen that his act would cause injury.

■ Negligence has long been defined generally as the omission to do something which a reasonable man, guided upon those considerations which ordinarily regulate the conduct of human affairs would do, or doing something which a prudent and reasonable man would not do. Blyth v. Birmingham Water Works, 11 Exchequer 781 (1856).

The American Law Institute in its definition of negligence has said "negligence is * * * conduct * * * which falls below the standard established by law for the protection of others against unreasonable risk of harm" and further in Section 283, that this standard of conduct "is that of a reasonable man under like circumstances." Restatement, Torts §§ 282, 283.

■ Thus, negligence is a matter of risk—that is to say, of recognizable danger of injury. In most instances, it is caused by an act of heedlessness or carelessness, where the negligent party is unaware of the results which may follow from his act. But it may also exist where he has considered the possible consequences carefully and has exercised his own best judgment as in the present case.

■ The Restatement of Torts in Section 435, ill. 1, and the Supreme Court of Pennsylvania have adopted the view that a defendant who is negligent must take existing circumstances as he finds them, and may be liable for consequences brought about by his acts, even though they were not reasonably to have been anticipated. Or, as it is sometimes expressed, what he could foresee is important in determining whether he was negligent in the first instance, but not at all decisive in determining the extent of the consequences for which, once negligent, he will be liable. Shipley v. City of Pittsburgh, 1936, 321 Pa. 494, 184 A. 671; Oil City Gas Co. v. Robinson, 1881, 99 Pa. 1; Bunting v. Hogsett, 1891, 139 Pa. 363, 21 A. 31, 33, 34, 12 L.R.A. 268.

Applying the law to the facts of the instant case it is readily ascertainable that the driver of the City's truck should have known that some form of injury might ensue if he were to pass over this huge piece of paper. Taking the facts most favorable to the plaintiff, it is a justifiable conclusion to draw that the appearance of the paper, as shown by the fact it was two to three feet in height, would put an ordinarily prudent man on notice that injury might result if he ran over it, and that he should exercise additional precautions to avoid doing so. This is evident by the fact that the driver acknowledged that he was *aware* that something might be under the wrapping paper. Additionally, I believe that this awareness coupled with the fact that the driver was one who consistently handled trash, bundles of paper and similar discarded objects, put him on notice that the nature and position of this object was not of the kind ordinarily encountered in his travels. A person who is employed specifically to collect trash, and does so for a period of time, acquires that additional and somewhat special, knowledge as to the type of ordinary trash set out by inhabitants to be collected.

The evidence shows that the deceased and another little boy were playing "opening envelopes" under this huge piece of paper and that the boys were not sitting absolutely still. The natural tendency of children is to move about causing some movement of the paper.

In Shipley v. City of Pittsburgh, supra, the court held that an instruction to the jury that the defendant was not liable if the accident was not " 'such accident as should have been reasonably anticipated' ", constituted reversible error. However, in some of the earlier cases there is language which is in conflict with the rule there stated. Cf. Wood v. Pennsylvania R. Co., 1896, 177 Pa. 306, 35 A. 699, 35 L.R.A. 199. It is to be noted that in cases following the Wood decision, courts have improperly assumed the defendant's negligence *qua* the plaintiff and considered the "cause" question in language which would have been more appropriately directed to the negligence issue.

In cases in which other elements of a cause of action for negligence were present, the Pennsylvania courts have repeatedly followed the rule of the Shipley case. As early as City of Pittsburgh v. Grier, 1853, 22 Pa. 54, the defendant contended that the "destruction of the boat was a consequence which the agents could not have foreseen as likely to oc-

cur." However, the Court said, "But it is not the law, that men are responsible for their negligence only to the extent of the injuries which they knew would result from it."

It has been held: "If the city was negligent, it was liable for the consequences of its neglect, though those consequences were not, and could not by any ordinary prudence have been, anticipated." Corbin v. City of Philadelphia, 1900, 195 Pa. 461, 45 A. 1070, 1071, 49 L.R.A. 715; Restatement, Torts, § 435.

Accordingly, under Pennsylvania law a defendant who has failed to exercise reasonable care under the circumstances cannot escape liability for damage upon the ground that he could not have foreseen the particular results of his negligent act. Therefore, in the instant case, it is no defense for the City to say that the driver, who carelessly drove over a piece of paper which for reasons of safety he intended to avoid, did not foresee that a child was under the paper. To allow such a defense would exculpate negligent persons from liability for all but deliberate or wantonly malicious acts.

However, assuming the law requires the driver to have foreseen the possibility of injury, the jury, from the facts in evidence, together with all reasonable inferences in favor of plaintiff, might well have found that the driver should have foreseen the possibility that a child was underneath this object.

Moreover, the driver saw this piece of paper and noticed that it was high enough for a little child to be underneath. He then ran over the very piece of paper which he had concluded was unsafe to crush.

The jury resolved as a fact that two little children were underneath the paper, also, that one of the children had been *sitting up* underneath the paper in the street. The jury also could have resolved that the two children had not been lying motionless under the paper, but were playing there. As a matter of fact, the surviving child testified that he had been sitting under the paper with decedent "opening envelopes." The jury may then have concluded that the motion caused by children playing underneath the paper was easily observable by a prudent driver.

The evidence in the case amply supports the jury's verdict that the driver of the truck under these particular circumstances was careless and that his careless act resulted in the decedent's death.

This Court is of the opinion that there was negligence when the driver attempted to avoid the paper and failed to do so, and, as a matter of law, the verdicts of the jury should not be disturbed.

Accordingly, defendant's motion to set aside the verdicts and for judgment n. o. v. is dismissed.