## Sherman v. Heitz

*Robert J. Hastings*, for plaintiff.
*George M. Bush*, for defendant.

GARB, J., November 13, 1968.—This matter is before the court on defendant's preliminary objections in the nature of a demurrer to the second count of the complaint. This particular count is brought on behalf of a minor child by his parents and natural guardians. The cause of action arises out of an automobile accident occurring on or about December 9, 1964, in this county, wherein allegedly the mother of the said minor child sustained certain physical injuries as the result of the alleged negligence of defendant. The minor child in whose behalf this count is brought was not in the automobile at the time of the alleged collision.

Paragraph 9 of the complaint, included within the second count of this complaint, alleges that the said minor child was afflicted with brain damage at birth and was wholly dependent upon his mother for unique therapy which she provided for him and for the supervision of therapy which is essential to his very existence. Such services are called "patterning" and were prescribed by the Institute of Human Achievement. The gravamen of this particular cause of action is that as a result of the negligence of defendant minor plain-

tiff was deprived of the love, care, devotion and unique services and treatment of his said mother, all of which were essential for his health, welfare and very survival, and the said deprivation was detrimental to his physical well being and has retarded his progress. It is apparently the contention of plaintiffs that the mother was unable, due to her physical injuries and disabilities arising therefrom, to perform these unique functions. In essence, this is a claim for damages resulting from the minor child's loss of nurture by his mother as a result of the physical injuries directly sustained by her.

The specific question of whether a minor child has a cause of action for loss of services of his mother in an action in trespass because of injuries, short of death, sustained by her is apparently one of first impression in this Commonwealth. Neither our research nor that of counsel has indicated any direct authority. A philosophic analysis of the law of negligence, in our opinion, serves no more than to offer a springboard or rationale from which either side may argue its case. It has always been held that negligence is not actionable unless it involves the invasion of a legally protected interest, the violation of a right. Proof of negligence in the air is not sufficient. If no hazard was apparent to the eye of ordinary vigilance, an act innocent and harmless, at least to outward impression, with reference to the plaintiff, does not take to itself the quality of a tort just because it happened to be a wrong, though apparently not involving the risk of bodily insecurity, with reference to someone else. A plaintiff sues in his or her own right for a wrong personal to him or her, and not as the vicarious beneficiary of a breach of duty to another. Such principles were enunciated in the landmark case of Palsgraf v. Long Island Railroad Company, 248 N. Y. 339, 162 N.E. 99 (1928). These principles have consistently been followed in this juris-

diction and in most other jurisdictions of the United States. Of course this principle has never been construed to mean that one who launches a destructive force is always relieved of liability, if the force, known to be destructive, pursues an unexpected path. It is not necessary that defendant should have had notice of the particular method in which an accident would occur, if the possibility of an accident is clear to the ordinarily prudent eye: Palsgraf v. Long Island Railroad Company, supra.

The courts of Pennsylvania have followed and adopted these principles virtually without deviation. Negligence has been defined as the absence of care under the circumstances prevailing. The test of negligence (not proximate cause) is whether the wrongdoer could have anticipated and foreseen the likelihood of harm to the injured person, resulting from his act. The orbit of the danger as disclosed to the eye of reasonable vigilance would be the orbit of the duty. It is the risk to another or to others within the range of apprehension. Thus, foreseeability is the test of whether there was negligence, not whether the negligence was the proximate cause of the injury: Dahlstrom v. Shrum, 368 Pa. 423 (1951) and McNello v. John B. Kelly Company, Inc., 283 F. 2d 96 (Third Cir. 1960). Conduct is negligent only if the harmful consequences thereof could reasonably have been foreseen and prevented: Helm v. South Penn Oil Company, 382 Pa. 437 (1955). One is bound to anticipate the reasonable and natural consequences of his own conduct. All foreseeable dangers are to be considered to determine whether the creation of the situation was a negligent act. Negligence is gauged by the ability to anticipate: Bisson v. John B. Kelly, Incorporated, 314 Pa. 99 (1934). While it is true that want of ordinary care consists in failure to anticipate what is reasonably probable, not what is remotely possible, Tua v. Brent-

wood Motor Coach Company, 371 Pa. 570 (1952), an individual who is negligent must take the existing circumstances as he finds them, and he may be liable for consequences brought about by his acts, even though they were not reasonably to have been anticipated. What he could foresee is important in determining whether he was negligent in the first instance, but not at all decisive in determining the extent of the consequences for which, once negligent, he will be liable. If an individual is negligent he is liable for the consequences of his negligence even if those consequences were not, and could not by any ordinary prudence, have been anticipated: Barker v. City of Philadelphia, 134 F. Supp. 231 (E.D. Pa., 1955) ; Oil City Gas Company v. Robinson, 99 Pa. 1 (1881) ; Corbin v. Philadelphia, 195 Pa. 461 (1900). If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being held liable: Vereb v. Markowitz, 379 Pa. 344 (1954) and Shipley v. Pittsburgh, 321 Pa. 494 (1936). Stated another way, it has been said that foreseeability does not require that one must foresee the precise hazard or envisage the harm in the detailed manner in which it occurred; it is enough if some harm of a like general character is foreseeable: Guffie v. Erie Strayer Co., 350 F. 2d 378 (Third Circuit, 1965).

It has likewise been held in Pennsylvania that the absence of any relationship between the actor and the person ultimately injured does not prevent the law from imposing a duty of care upon the one in the interest of the other if the results are reasonably foreseeable. A normal human being is held to foresee those injuries, which are the consequences of his acts of omission or commission which he, as a reasonable human being, should have foreseen: Lebeck v. William

A. Jarvis Inc., 250 F. 2d 285 (Third Circuit, 1957) and Kirstein v. Philadelphia & Reading Railway Company, 257 Pa. 192 (1917).

As a general proposition of law there is no natural right in one person to damages for injuries inflicted upon another: Neuberg v. Bobowicz, 401 Pa. 146 (1960); Donoghue v. Consolidated Traction Co., 201 Pa. 181 (1902); Sartori v. Gradison Auto Bus Co. Inc., 42 D. & C. 2d 781 (1967).[1] Thus there is no cause of action, ipso facto, in an individual for injuries inflicted upon another under contract in some way to the person claiming damages: Robins Dry Dock & Repair Company v. Flint, 275 U. S. 303, 48 S. Ct. 134, 72 L. ed. 290 (1927). There is no cause of action in an individual for lost earnings for negligently created fire damage to his place of employment: Stevenson v. East Ohio Gas Company, 73 N.E. 2d 200 (Ohio App., 1946). Generally speaking there is no cause of action in an employer for the loss of services of an employe negligently injured: Wahrhaftig v. The Space Design Group, Inc., 281 N. Y. S. 2d 500 (1967).[2] However, there are various exceptions to the general rule barring vicarious recovery, as for example, a husband's right to recover for loss of consortium arising from injury to his wife: Bedillion v. Frazee, 408 Pa. 281 (1962); a parent's right to recover for loss of services of his minor child negligently injured: Schmidt v. Kratzer, 402 Pa. 630 (1961); the right of children to recover

---

[1] The philosophy underlying these decisions is that to decide otherwise would open a veritable floodgate of claims.

[2] Jones v. Waterman S. S. Corporation, 155 F. 2d 992 (Third Circuit, 1946) contains the bald and unsupported statement that it is the law of Pennsylvania that an employer can recover for the loss of services of an employe who is the victim of the tortious act of another. However, this statement is completely unsupported by any Pennsylvania decisions in this opinion and this court has been unable to find any other authority for this proposition.

for the death of a parent under the Act of April 1, 1937, P. L. 196, sec. 1, PS §1602, Gaydos v. Domabyl, 301 Pa. 523 (1930).

On the basis of the foregoing legal principles and authorities it is our opinion that there is not at present a cause of action as enunciated by plaintiffs in count two of their complaint and that therefore the demurrer must be sustained. The right of the minor child to recover for his injuries resulting from the injuries to his mother does not come within any of the exceptions to the general rule heretofore stated. On many occasions the courts of Pennsylvania and elsewhere have been requested to extend the right to recover for loss of services traditionally found only in a husband to the wife as well for loss of services of her husband and this traditionally has been refused in Pennsylvania: Neuberg v. Bobowicz, supra. In fact, there is serious doubt that the very principle of right to recover for loss of services of another is a favored philosophy in the law: Castelli v. Pittsburgh Railways Company, 413 Pa. 17 (1963).

As we view the law and its present direction a cause of action arising from a negligently inflicted physical injury to another is an anachronism and not to be extended beyond the bounds traditionally acknowledged. The right of a husband to recover for loss of consortium of his wife in Pennsylvania has always been very broadly applied to include loss of her services, companionship, aid, comfort, and all connubial relationships. In spite of this very broad and practical application of this traditional cause of action, the courts of Pennsylvania have, nonetheless, indicated that this theory of liability will be extended no further. There is a very broad implication, albeit admittedly dictum, in Neuberg v. Bobowicz, supra, to the effect that the right of a husband to recover for loss of consortium will not be extended so as to afford children the right

to recover for physical injuries to their parents on the grounds that this would open a veritable floodgate or Pandora's box of a whole new class of claims.[3]

Nor have we found any authority in any other jurisdiction in the United States affording to children the right to recover for loss of services of negligently injured parents. To be sure Scruggs v. Meredith, 134 F. Supp. 868 (D. Hawaii, 1955) held that there is such a cause of action in Hawaii. It should be noted that in deciding this case this court was enunciating what it considered to be the law of Hawaii. However, subsequently, in Halberg v. Young, 41 Hawaii 634 (1957) the Supreme Court of Hawaii decided to the contrary. Recognizing that the Federal District Court in each jurisdiction in deciding cases in which its jurisdiction arises from the diversity statutes under the Federal law must reflect the law of the jurisdiction to be applied, we must accept the pronouncement of the Supreme Court of Hawaii in an opinion entered subsequent to that of the Federal District Court. In every other jurisdiction of the United States in which relevant cases have been found the courts have consistently held that there is no cause of action in a minor child for loss of nurture or services arising out of an injury negligently inflicted upon a parent. See Turner v. Atlantic Coast Line Railroad Company, 159 F. Supp. 590 (N.D. Ga., 1958) ; Hoffman v. Dautel, 189 Kansas 165, 368 P. 2d 57 (1962) ; Pleasant v. Washington Sand & Gravel Co., 262 F. 2d 471 (D.C. Cir., 1958) ; Gibson v. Johnston, 144 N. E. 2d 310 (Ohio App. 1956) ; Erhardt v. Havens, Inc., 53 Wash. 2d 103, 330 P. 2d 1010 (1958).

---

[3] For an excellent dissertation on the traditional concept of loss of consortium see Igneri v. CIE. de Transports Oceaniques, 323 F. 2d 257 (Second Circuit, 1963). In this case, the Circuit Court referred to Neuberg v. Bobowicz, supra, for the proposition that there is probably no right in Pennsylvania in children to recover for loss of services of negligently injured parents.

Therefore, from the law as we view it, to recognize such a cause of action in Pennsylvania at this time would represent the first time in any jurisdiction of the United States that such a cause of action has been recognized. In view of what we consider to be the prevailing authorities and the obvious trend in the law against the extension of liability in favor of individuals for recovery for loss of services resulting from negligent injury to others, we are compelled to sustain the demurrer. Accordingly, the demurrer must be sustained. In so doing we are not in any way unmindful of nor unsympathetic to the plight of this minor plaintiff, nor do we lack understanding of the position, both legally and morally, in which he finds himself. However, it is our belief that if such a departure from well-established legal principles as to permit him a recovery is to be made, such departure should be made by the legislature or at the very least the appellate courts of this Commonwealth. Therefore we enter the following

ORDER

And now, to wit, this November 13, 1968, the demurrer to count two of the complaint is hereby sustained and the said count is accordingly dismissed.