Hoover, Appellant, *v.* Sackett.

Argued April 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Edward P. Wittmann,* with him *Evans, Johnson, Scarpitti, Bernard, McCullough & Wittmann,* for appellant.

*Richard A. Levick,* with him *Knox, Graham, Pearson, McLaughlin and Sennett, Inc.,* for appellee.

*Herbert Higby,* additional defendant, in propria persona, appellee.

OPINION BY CERCONE, J., June 15, 1972:

Plaintiff Gary Hoover brought suit in trespass against Alice Sackett to recover $10,150.50 for damages to his truck as the result of an accident occurring on September 19, 1968, at the intersection of Buffalo Road and Water Street in the Borough of Wesleyville, Erie County. Buffalo Road runs in a general east to west direction and Water Street in a north to south direction. Sackett joined Herbert Higby as the additional defendant who was unrepresented by counsel at all times and against whom a default judgment was taken.

In a jury trial, after plaintiff's case was completed, the lower court entered a compulsory nonsuit against plaintiff Hoover in favor of the original defendant, Alice Sackett, and directed a verdict against Higby, additional defendant, in the amount of $10,150.50. The lower court refused plaintiff's motion for a new trial and refused to remove the compulsory nonsuit, and judgment was entered on the verdict. Thus this appeal.

Taking the facts of this case and inferences reasonably drawn from those facts in the light most favorable to plaintiff as we must (*Michigan Bank v. Steesen,* 211 Pa. Superior Ct. 405 (1967)), the evidence shows that on September 19, 1968, Alice Sackett, original defendant, (Sackett) was driving her automobile in a northerly direction on Water Street as she approached the intersection of Water Street and Buffalo Road. Herbert Higby, additional defendant, (Higby) was traveling in an easterly direction on Buffalo Road. Both drivers claimed they had a green light when they collided in the intersection. After impact, Higby's car continued through the intersection striking several cars parked on Buffalo Road and continued easterly on Buffalo Road for a distance of 155 feet, striking plaintiff's truck. Sackett said she had stopped for a red light at the intersection and when the light turned green for her she proceeded into the intersection, looking east and west, and did not see Higby until his car was in front of her car and the collision occurred. Higby testified that when he was twelve feet from the intersection he saw the traffic light was green in his favor. At that time he said he had a feeling that he was going to "pass out" and decided to look for a place to park on Buffalo Road in the event he did pass out. There was no place to park west of the intersection, so his intention was to cross the intersection in the hope of finding a parking space east of the intersec-

tion. When he saw the green light in his favor, he continued into the intersection where the collision occurred. As a result of the impact he has no recollection of the collision or the events precipitating that collision. He cannot recall striking several automobiles or striking plaintiff's truck 155 feet from the intersection.

On these facts the lower court granted a motion for compulsory nonsuit against plaintiff in favor of Sackett, the court stating: "I don't even think there is evidence that she was negligent and if she was negligent, it certainly wasn't the proximate cause of an accident which occurred a hundred and fifty five feet away."

In its written opinion the lower court stated that when Higby approached the intersection of Buffalo Road and Water Street, "he suddenly felt ill and passed out approximately twelve feet west of the intersection. After he lost consciousness his automobile collided with the Sackett vehicle. . . ." In this finding the court was in error. Nowhere in the evidence does there appear any testimony that Higby passed out before the collision occurred. Higby's testimony was that as he approached the intersection he felt as though he would "pass out" and because of this feeling he looked for a place to park. Considering this testimony in the light most favorable to plaintiff it can be inferred therefrom that Higby was still conscious at the time of the collision with plaintiff and therefore, his consciousness or lack of consciousness and the time of impact were matters for determination by the jury and not by the court as a matter of law.

The court also committed error when it found as a matter of law that Sackett was not negligent. Her testimony was that she had entered the intersection on a green light, looked east and west, and yet did not

see Higby who was traveling 20-25 miles per hour until his car was in front of her. Though there was evidence of the presence of a hedge on Water Street, it was shown that the hedge did not extend to the intersection and therefore did not block her vision. These circumstances call for the application of the rule that an operator of a vehicle cannot be said to have looked when he has failed to see what the physical facts declare he should have seen had he in fact looked: *Smith v. United News Company*, 413 Pa. 243, 249 (1964). Furthermore, viewing the evidence as we must, in the light most favorable to plaintiff, it could sustain a finding by the jury that it was Higby who had the green light and Sackett who had the red light. In addition, assuming that the jury had found Sackett had the green light in her favor, the law did not give her the right to proceed blindly into the intersection or as before stated, excuse her from seeing what should have been apparent had she been alert. It is our conclusion that all the evidence in this case, together with the reasonable inferences to be drawn therefrom, was sufficient to make out a prima facie case of negligence against the defendant Sackett and the issue of that negligence should have been submitted to the jury for determination.

It was also for the jury to determine whether Sackett's negligence was the proximate cause of the injuries sustained by plaintiff. Merely because plaintiff's truck had been struck a distance of 155 feet from the initial point of impact between Sackett and Higby does not refute as a matter of law the possibility of Sackett's negligence as the proximate cause of plaintiff's damage. A determination of proximate cause does not depend, as does the issue of negligence, on the test of foreseeability: *Churbuck v. Union Railroad Company*, 380 Pa. 181 (1955). Once the actor's conduct

has been found to constitute negligence, the actor is responsible for all the unforeseen consequences thereof no matter how remote, which follow in a natural sequence of events: *McKee v. Harrisburg Traction Co.,* 211 Pa. 47 (1905); *Mellon v. Lehigh Valley Railroad,* 282 Pa. 39 (1925).

The law of Pennsylvania has been in accord with that so clearly enunciated by Justice CARDOZO in the classic case of *Palsgraf v. Long Island R. Co.,* 248 N.Y. 339, 162 N.E. 99 (1928).

Viewing the evidence in the light most favorable to the plaintiff it is our belief that a jury could determine that Sackett was negligent in causing the impact with Higby and that that negligence, in a natural sequence of events, led to, and proximately caused the collision by Higby with plaintiff's vehicle 155 feet away. "... the question of what is the proximate cause of an accident is almost always one of fact for the jury. Bleman v. Gold, 431 Pa. 348, 246 A. 2d 376 (1968)": *White v. Rosenberry,* 441 Pa. 34, 40 (1970).

The fact that Higby may be found concurrently negligent with Sackett is immaterial to the plaintiff's right of recovery against Sackett. In *Mellon v. Lehigh Valley Railroad,* supra, a train struck a taxicab at a crossing hurling the cab against a signal post. The signal post fell and injured a pedestrian waiting to cross the tracks. It was there stated that if the negligence of the railroad was concurrent with that of the taxicab driver, the railroad company remained liable to the injured pedestrian. The court there stated at p. 44: "There was no break in the chain of events from the time the train hit the cab until the post hit the plaintiff; so it cannot be found as a legal conclusion that striking the cab was not the proximate cause of her injury. See McCaughey v. Am. Ice Co. (No. 1), 45 Pa. Superior Ct. 370; Johnson v. Phila. R. T. Co., 56

Pa. Superior Ct. 20. A proximate cause may not be the sole cause: Dannenhower v. W. U. Teleg. Co., 218 Pa. 216; Boggs v. Jewell Tea Company, 266 Pa. 428; 29 Cyc. 496."

We therefore reverse the action of the lower court refusing to remove the compulsory nonsuit and remand the case for a new trial consistent with this opinion.