Deer et al., Appellants, *v.*
City of Pittsburgh.

Argued November 20, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Paul E. Moses,* with him *Evans, Ivory & Evans,* for appellants.

*George Shorall,* Assistant City Solicitor, with him *Eugene B. Strassburger, III,* Deputy City Solicitor, and *Mead J. Mulvihill, Jr.,* City Solicitor, for appellee.

OPINION BY WATKINS, P.J., April 22, 1976:

This case involves an appeal from the Court of Common Pleas of Allegheny County, Civil Division, which granted the defendant's motion for a nonsuit on the grounds that the plaintiff was contributorily negligent as a matter of law; and from the refusal of the Court *en banc* to strike off the nonsuit.

On October 11, 1972 at 5:40 A.M., Mrs. Helen Marie Deer, one of the plaintiffs herein, was involved in an automobile accident at the intersection of Forbes Avenue and McKee Place in the City of Pittsburgh. Mrs. Deer was operating her vehicle in a northwardly direction on McKee Place, a two-way street. As she approached the intersection of Forbes and McKee, she dropped her speed from 20 miles per hour to 15 miles per hour. Her windows were closed at the time and the car radio was playing softly. It was dark at the time but the atmosphere was clear. A barrier, composed of old wooden doors, six to eight feet in height had been erected at the intersection as a construction project was being undertaken. The barrier obstructed Mrs. Deer's view to her left. Mrs. Deer observed the barrier and also observed that the traffic light which controlled the intersection was green for her direction of traffic. After slowing down and proceeding into the intersection she looked to her left again. She remembered nothing

further and awoke in a hospital. It was later established through the pleadings of the case and interrogatories that a 1968 International Van-type truck, owned by the City of Pittsburgh and being operated in an eastwardly direction, ran the red light and struck the Deer vehicle. Mrs. Deer and her husband, John E. Deer, brought an action in trespass against the City. After the testimony the court below granted a non-suit against the plaintiffs on the ground that Mrs. Deer was contributorily negligent as a matter of law. The court *en banc* subsequently refused plaintiff's motion to take off the non-suit. From this refusal the plaintiffs now appeal.

The plaintiffs claim that sufficient facts had been established at the trial to send the case to the jury and that the question of Mrs. Deer's contributory negligence, if any, was a question for the jury and was not established as a matter of law. Contributory negligence will be declared as a matter of law only in cases where the negligence of the plaintiff is so clear that there is no room for reasonable disagreement as to its existence. *Westerman v. Stout*, 232 Pa. Superior Ct. 195, 335 A.2d 741 (1975). In the event that there exists any evidence which would cause reasonable minds to disagree as to the plaintiff's negligence in causing the accident then the matter is one for the jury to determine. *Walker v. Martin*, 214 Pa. Superior Ct. 287, 257 A.2d 619 (1969). In determining whether a non-suit was properly granted, the plaintiff must be given the benefit of all favorable testimony and of every reasonable inference of fact arising therefrom. Any conflicts in the testimony must be resolved in favor of the one against whom the non-suit was entered. *Miller v. McMinn's Industries, Inc.*, 410 Pa. 234, 188 A.2d 738 (1963).

Applying the aforesaid principles we hold that the court below erred when it granted the non-suit. The lower court felt that since motorists are bound to know that intersections are inherently dangerous places and because the plaintiff stated that she looked to her left for

eastbound vehicles but did not see anything, that she was contributorily negligent because motorists are held to the responsibility of seeing what a reasonable observation of the site would reveal. See, *Hoover v. Sackett*, 221 Pa. Superior Ct. 447, 292 A.2d 461 (1972). However, the testimony reveals that Mrs. Deer claimed that her visibility of vehicles approaching from her left was obstructed by a temporary construction project. If believed by the jury, this fact would exculpate her from contributory negligence in not seeing the defendant's vehicle approaching from her left since it would be unreasonable to hold that a motorist approaching a traffic intersection where she has the green light must stop her vehicle, get out, and look around any objects obstructing her view of vehicles approaching the red light. While it is true that a motorist may not place blind reliance on a green light, *Hoover v. Sackett, supra*, it is also true that a motorist is warranted in assuming that another motorist will not violate the law by proceeding into an intersection against a red light. *Galvin v. Einwechter*, 187 Pa. Superior Ct. 120, 144 A.2d 741 (1958). Because Mrs. Deer's testimony, if believed, would have the effect of exculpating her from any negligence regarding the accident we hold that the matter was a proper one for jury consideration and that the court below erred when it granted the defendant's motion for a non-suit.

The appeal is reversed and remanded to the court below for a new trial.

PRICE, J., dissents.