369 A.2d 389

**Rose McCLOY, Administratrix of the Estate of Samuel McCloy, Deceased, Appellant,**

**v.**

**PENN FRUIT COMPANY.**

Superior Court of Pennsylvania.

Argued March 18, 1976.

Decided Nov. 22, 1976.

252

Andrew F. Napoli, Philadelphia, for appellant.

Dean F. Murtagh, Philadelphia, with him James M. Marsh, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

The litigation from which this appeal arises began with a multi-vehicle collision occurring on December 20, 1962, in the city of Philadelphia. We must reverse the judgment of the lower court and remand for a new trial.

Testimony at trial established that plaintiff-appellant's decedent was in a line of cars stopped for a red traffic signal at the corner of 28th Street and Passyunk Avenue. Defendant-appellee's employee, driving appellee's truck, experienced brake trouble and collided with the rear of

the last automobile in the line. The force of the collision hurled the automobile into the rear of the automobile in front of it, which, in turn, was hurled into the rear of the decedent's automobile.

On December 27, 1962, the decedent, suffering from various maladies including angina and acute tachycardia, was admitted to a Philadelphia hospital. On January 11, 1963, he was discharged, but treatment for anxiety and nervousness continued almost to his death of a myocardial infarction, on May 31, 1963.

Appellant based her cause of action on the theory that the automobile accident had aggravated a latent heart condition in the decedent, thereby causing his death. To that end, appellant introduced hospital records to prove that the decedent had been treated for a myocardial infarction two and one-half years prior to the accident. The records and testimony also revealed that the decedent had recovered from the infarction as of December 14, 1960, and that periodic examinations, beginning with one on January 17, 1961, and ending with the last on December 11, 1962, revealed no recurrence of the symptoms.

Appellant's expert testified that the accident aggravated the decedent's heart condition, causing his death. Appellee's expert testified that whether the automobile accident caused the death would depend on the evidence accepted as true. On February 9, 1973, a jury rendered a verdict in favor of appellee. The appellant's motion for a new trial was dismissed and this appeal followed.

■ Appellant's sole allegation is that the lower court erred in instructing the jury that foreseeability of injuries is a test for determining proximate cause. In reviewing a lower court's charge to the jury, we must view the charge in its entirety. *Whitner v. Lojeski,* 437 Pa. 448, 263 A.2d 889 (1970) ; *Crotty v. Reading Industries, Inc.,* 237 Pa.Super. 1, 345 A.2d 259 (1975).

The lower court's entire explanation of the relationship between proximate cause and a cause of action for negligence is as follows:

"Now I want to talk to you about proximate cause. In all these cases, in all these negligence cases, there must be a causal relationship. A causal relationship between the conduct of the plaintiff, negligent conduct of the plaintiff and the damages that result. There must be a causal connection between the two. If a person is negligent but his negligence didn't cause the injuries or the damages, then of course he's not responsible. There must be that causal relationship between the conduct of the defendant and the injuries or damages that were sustained. That's why we say that the plaintiff—the defendant's conduct—there must be a proximate cause. His conduct must be the proximate cause, as we call that in the law, of the damages or the injuries. So that you have to determine what is proximate cause. What do we mean by that in the law? We know there must be a causal relationship between the conduct and the damages or the injuries. If the defendant was negligent could he have foreseen that such conduct would substantially contribute to the injuries to the plaintiff? Here you should inquire whether the injuries to the plaintiff ought to have been foreseen as likely to flow naturally from his conduct. Could the plaintiff have foreseen its negligent conduct in running into the rear of that first car which is number two on the diagram, and running into the rear of the first car under the circumstances of the speeding, as you find it to be, and all the circumstances in the case. Could he have foreseen, if you determine that he was negligent, that it would have resulted in injury to the man in that front car? If the defendant's conduct was—is not a proximate cause, that is, if it is not a proximate cause of the injuries, then the plaintiff cannot recover. The test is not whether the injury

might have resulted from the negligence, but whether it would probably have resulted from it. In order to show a proximate you don't have to show, members of the jury, that that precise injury is what could have been foreseen. If you determine that the defendant was negligent, could he have foreseen that some injury as a result of his conduct—could some injury to the plaintiff—could have been foreseen; not necessarily that a particular injury occurred, to make it the proximate cause." [348a–50a]

Causation, as an element of a cause of action for negligence, has been immemorially a potential stumbling block for courts. The difficulty results from the recognized necessity for a limitation on the liability that would follow if a defendant were liable for all of the consequences, remote and immediate, of his negligence. Instead, courts have placed limitations on the inexorable tracing of cause and effect with the result that a defendant is said to be liable only for the injuries of which his conduct has been the "proximate cause." Thus, though it is universally recognized that social policy requires causation to have limits, there is less analytical agreement as to the form the limitation should take.

Some jurisdictions have opted to limit causation by foreseeability, and in those jurisdictions, negligence is not said to have proximately caused the plaintiff's injuries unless the defendant could have foreseen the injuries to the plaintiff or unless the injuries were the "natural and probable" result of the defendant's conduct. *Annot.,* 100 A.L.R.2d 942 (1965).

Many jurisdictions, and the *Restatement (Second) of Torts* (1965), however, do not regard foreseeability as a relevant factor in determining proximate cause. *Restatement (Second) of Torts* § 435 (1965). Pennsylvania ascribes to this view, and it has long been the law of this state that foreseeability is not a relevant

consideration to a determination of proximate cause. *Tobash v. Jones,* 419 Pa. 205, 213 A.2d 588 (1965); *Dahlstrom v. Shrum,* 368 Pa. 423, 84 A.2d 289 (1951); *Shipley v. Pittsburgh,* 321 Pa. 494, 184 A. 671 (1936); *Hoover v. Sackett,* 221 Pa.Super. 447, 292 A.2d 461 (1972). Therefore, the lower court erred in telling the jury that foreseeability was a consideration to be taken into account in determining proximate cause.

■ Though foreseeability is not relevant to a determination of proximate cause, the concept may be relevant to other elements of the cause of action. Our Supreme Court has noted that whether injuries were foreseeable from a defendant's conduct is relevant to a determination of whether that conduct involved an unreasonable risk of harm and was therefore negligent. *Metts v. Griglak,* 438 Pa. 392, 264 A.2d 684 (1970). Foreseeability is also relevant to determining whether an intervening force was a superseding cause of harm. *Flickinger Estate v. Ritsky,* 452 Pa. 69, 305 A.2d 40 (1973).

■ Recognizing, therefore, that these distinctions can become overly technical and immaterial, we have recently held harmless a lower court's erroneous instruction connecting the concepts of foreseeability and proximate cause. *Fredericks v. Castora,* 241 Pa.Super. 211, 360 A.2d 696 (1976). However, in that case, the finding of harmlessness was justified in light of the court's lengthy charge containing a proper instruction on proximate cause. In this case, no proper instruction was given. In addition, in *Fredericks,* the plaintiff's injuries were clearly a foreseeable result of the defendant's conduct, and, therefore, a misplaced requirement of foreseeability did not result in prejudice to the plaintiff. In this case, the death of the decedent would not have been foreseeable from the automobile collision.

Appellee contends that the lower court's instruction only required the foreseeability of *some* injury to the

plaintiff, not the foreseeability of the particular injuries sustained by the decedent. Because some injury was clearly foreseeable, appellee argues that a finding of harmlessness is not precluded. This argument might have some persuasiveness if the jury had received a proper instruction as to proximate cause in addition to the improper reference to foreseeability. However, because the jury was never properly instructed on the issue of causation, a new trial must be awarded.

The judgment of the lower court is reversed and the case is remanded for a new trial.

HOFFMAN, J., did not participate in the consideration or decision of this case.