## Whirley Industries, Inc. v. Segel

*David W. Swanson*, for plaintiff.
*William Patrick Delaney*, for defendant.

WOLFE, *P.J.*, January 6, 1981—This is a unique action in trespass wherein plaintiff seeks to recover

$10,000 as punitive damages and a sum in excess of $10,000 as shall be proved at time of trial equal to the increase in plaintiff's workmen's compensation insurance premiums paid by it and to be paid by reason of injuries to plaintiff's employee, William W. Stockdill caused by defendants' negligence.

Defendants have demurred.

The gravamen of the complaint is plaintiff is seeking to recover its increase in workmen's compensation insurance premiums occasioned as a consequence of an accident in which its employee, William W. Stockdill, was seriously injured when acting within the scope of his employment. Defendant Leatrice G. Segel operated her motor vehicle into the rear of the employee's parked vehicle when he was proceeding in front of it and propelled it forward and onto the employee causing his injuries.

Both parties, in their extensive and complete trial briefs make reference to the recent case of Canada Dry Bottling Company v. Mertz, 264 Pa. Super. 480, 400 A. 2d 186 (1979). Plaintiff arguing the case is precedent for the instant case and defendants arguing to the contrary for the reason the issue of foreseeability and orbit of duty was not presented to the lower court and which the Superior Court speaking through Mr. Justice Spaeth fully discussed.

The parties have entered into an agreed statement of facts which are concise and underscore the issue to be resolved which are:

"1. Plaintiff, Whirley Industries, Inc., is a corporation with a principal place of business at 618 Fourth Avenue, Warren, Pennsylvania 16365.

2. Defendants, Leatrice G. Segel and Harry C. Segel, are both adults, husband and wife, with an

address and residence at 20 Redwood Street, Warren, Pennsylvania 16365.

3. Defendant, Segel & Son, Inc., is a corporation with a principal place of business at 107 South South Street, Warren, Pennsylvania 16365.

4. On or about July 5, 1977, the Plaintiff had in its employ one William W. Stockdill, a resident of Conewango Township, Warren County, Pennsylvania, with an address of 18 Yankee Bush Road, Warren, Pennsylvania 16365.

5. On or about July 5, 1977, at approximately 4:50 p.m., the said William W. Stockdill, while in the course of his employment for the Plaintiff, drove Plaintiff's motor vehicle, a 1973 Ford truck, to the United States Post Office in Warren Borough, Warren County, Pennsylvania, and parked the same on the north side of Third Street facing west on said street.

6. After completing errands on behalf of the Plaintiff, the said William W. Stockdill returned to the vehicle described above and began to pass in front of it as it was parked.

7. At said time and place, the Defendant, Leatrice G. Segel, was operating an automobile westerly on Third Avenue immediately to the rear of the Plaintiff's vehicle, which had been parked by the said William W. Stockdill. The vehicle being operated by the said Leatrice G. Segel was registered in the name of and owned by the Defendant, Segel & Son, Inc.

8. At and about said time and place, the vehicle operated by the Defendant, Leatrice G. Segel, violently collided with the rear of Plaintiff's vehicle, which was parked at the time and drove the same into and upon the person of the said William W. Stockdill, thus causing the said William W. Stockdill serious bodily injury.

9. The injuries suffered by the said William W. Stockdill were the direct and proximate result of the negligence of the said Defendant, Leatrice G. Segel.

10. All claims of the said William W. Stockdill against the Defendants for his personal injuries as a result of the above-described accident have been satisfied and a complete release has been executed by the said Willaim W. Stockdill in favor of all of the Defendants in this action.

11. As a result of the injuries he received in the above-described accident, the said William W. Stockdill has been unable to work and perform his normal duties for the Plaintiff since the date of the accident.

12. Prior to July 5, 1977, the Plaintiff had entered into an insurance contract with the Pennsylvania Manufacturers Association, an insurer qualified to do business in the Commonwealth of Pennsylvania, under which contract the insurance provided to the Plaintiff the workmen's compensation insurance required by the Workmen's Compensation Act of the Commonwealth of Pennsylvania.

13. Because the said William W. Stockdill was injured during the course of his employment, to an extent which prevented him from returning to his normal employment, the said Pennsylvania Manufacturers Association was required under its contract and the Pennsylvania Workmen's Compensation Act to pay the said William W. Stockdill the periodic amounts of workmen's compensation as provided under said Act.

14. As a result of the workmen's compensation benefits paid to the said William W. Stockdill on account of said accident, the Plaintiff's workmen's compensation insurance premiums have been increased by the amount of $22,487.

15. Plaintiff, in the above-captioned case, seeks reimbursement of the increase in workmen's compensation insurance premiums described in Paragraph #14 above. Such increase is in the amount of $22,487."

A demurrer, in essence, is a request for summary judgment. An oft cited case and a leader to resolve this motion is Schacter v. Albert, 212 Pa. Super. Ct. 58, 239 A. 2d 841 (1968) which explored all of the ramifications of the motion stating:

"The language of Rule 1035, adopted in 1966, was taken verbatim from Federal Rule of Civil Procedure 56 (c). Interpretation of the scope of Rule 1035 can be aided by reference to the cases decided under the Federal rule, which establish the following criteria. 'On motion for summary judgment the Court must consider the entire setting of the case and all the papers that are included in the record . . . One who moves for summary judgment has the burden of demonstrating clearly that there is no genuine issue as to any material fact . . . The Court must consider both the record actually presented and the record potentially possible at the time of trial . . . A hearing on a motion for summary judgment is not a trial on the merits, and the Court on such motion should not attempt to resolve conflicting contentions of fact.' Internation Latex Corporation v. Lexicon Products, Inc., 37 F.R.D. 524, 525, 526 (E.D. Pa. 1965). The court is to accept as true all well pleaded facts in the plaintiff's pleadings, as well as the admissions on file, giving to the plaintiff the benefit of all reasonable inferences to be drawn therefrom. Pittsburgh Hotels Ass'n. Inc. v. Urban Redevelopment Authority of Pittsburgh, 202 F. Supp. 486 (W.D. Pa.), aff'd. 309 F. 2d 186 (C.A. 3d Cir., 1962) cert. denied, 372 U.S. 916

(1963). The record must be examined in the light most favorable to the nonmoving party. Fiumara v. Texaco, Inc., 204 F. Supp. 544 (E.D. Pa.), aff'd, 310 F. 2d 737 (1962). In passing upon a motion for summary judgment 'it is no part of the court's function to decided issues of fact but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment.' (In the instant case appellee). Admiral Corporation v. Cerullo Electric Supply Co., 32 F.R.D. 379, 380 (M.D. Pa. 1961).' . . . a party should not be deprived of an adequate opportunity to fully develop (sic) his case by witnesses and a trial, when the issues involved make such procedure the appropriate one . . . It is often the case that although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts . . . Under such circumstances the case is not one to be decided by the Trial Judge on a motion for summary judgment.' S.J. Groves & Sons Company v. Ohio Turnpike Commission, 315 F. 2d, 235, 237, 238 (C.A. 6th Cir.), cert. denied, 375 U.S. 824 (1963).

We have studied Canada Dry Bottling Company v. Mertz, supra. Plaintiff's cause was predicated upon and founded in tort principles in that the court sitting without a jury found decedent's death was the result of Mertz's negligence. The court also found the increase in the workmen's compensation insurance premium was attributable to defendant's negligence. Appellant raised three issues, the latter of which was "that the lower court erred in finding that appellee had no reasonable means of

avoiding or negotiating the increase of insurance premiums, and were the premiums properly calculated?" The court did not address itself to this issue and now placed before us in the instant case. The court specifically stated:

"Judge Lipez, in his concurring and dissenting opinion, has expressed the view that the finding reflects a misapprehension of the concept of legal causation. We have been unwilling to join the judge in this expression, because it is offered on his initiative; it does not derive from any argument made by appellant's brief. As the record stands, the finding—or conclusion; the characterization is immaterial—is unchallenged by appellants in their brief. Accordingly, we have no power to challenge it on our own (Citations omitted)."

In the instant case defendants have made the challenge.

Defendants argue their duty of care is "foreseeability." Under negligent principles foreseeability is not a test of causation but rather, is a test of whether the conduct in question was negligent as to plaintiff. Metz v. Grigla, 438 Pa. 392, 264 A. 2d 684 (1980); Hoover v. Sackett, 221 Pa. Super. 447, 292 A. 2d 461 (1972) and McCloy v. Penn Fruit Company, 245 Pa. Super., 251, 369 A. 2d 389 (1976). In essence, the argument is, before defendants can be found liable defendant must have reasonably anticipated their conduct would cause injury to plaintiff. Falsgraf v. Long Island Railroad Company, 248 N.Y. 339, 163 N.E. 99 (1928), Dahlstrom v. Shrumm, 368 Pa. 423, 84 A. 2d 289 (1951); Scurfield v. Federal Laboratories, Inc. 335 Pa. 145, 6 A. 2d 559 (1939); Adley v. Willard, 372 Pa. 202, 93 A. 2d 676 (1953).

Reference is made to the Pennsylvania No-fault

Motor Insurance Act of July 19, 1974, P.L. 489, (40 P.S. §1009.101); reference is also made to Restatement (Second) of Torts, §431(1) and the Superior Court did, in fact, resolve the negligent principles and liability thereunder in Canada Dry v. Mertz, supra. Notwithstanding, plaintiff argues the increased workmen's compensation premiums were a foreseeable and compensible consequence of defendant's negligence.

We cannot logically assign Stockdill's cause of action for personal injuries to plaintiff thereby giving rise to a cause of action in trespass to plaintiff which, in turn, is based upon ex contratu relations with plaintiff's workmen's compensation carrier.

Plaintiff hired and paid Stockdill in expectation for a return of profit from his labors. Plaintiff has the statutory duty to provide workmen's compensation through either an independent carrier or be self-insured. Despite the lack of, or indeed by reason of, any negligence when an employee is injured acting within the scope of his employment, there exists a financial fund to defray the expenses of disability and continue the employee's income. These statutory obligations and contractual agreements cannot be extrapolated to tort principles.

At common law before plaintiff may recover in an action ex delicto he must prove his cause by a fair preponderence of the credible evidence that defendant was negligent and that this negligence was the proximate cause of the accident. Negligence, under our law is defined as the absence or want of due care which a reasonable man would exercise under the circumstances that is, it consists of the failure to do that which the reasonable or prudent person would ordinarily have done under the circumstances or the doing of that which such a per-

son under the circumstances would not have done. Proximate cause is that, in a natural and continuous sequence unbroken by any substantial efficient, intervening cause produces the injury, and without which the result would not have occurred. (Cases above cited).

In the instant case under the foregoing definitions there is no conduct of defendant even accepting as true all of the well pleaded facts which could be determined was the "proximate cause" to plaintiff's alleged injury; that is to say, plaintiff's loss was not caused by any carelessness of defendant but rather by the terms of plaintiff's contract with its carrier. The fact an injury occurred to one of plaintiff's employees in the manner in which it did does not equate contractual principles with negligent concepts and thereby transfer a personal cause of action through Stockdill to the benefit of plaintiff.

This obligation of the employer to provide workmen's compensation coverage is not in any respect predicated upon or founded in principles of negligence and the elements thereof but is founded in an absolute statutory obligation of the employer as his quid pro quo against multiple and destructive employee lawsuits.

It is philosophically arguable that a person should foresee causing injury to another the victim may be an employee who, in turn, is covered by workmen's compensation and there may exist a contract whereby the employer's premiums are increased because of the carrier's obligation to pay the employee and thus the test of foreseeability is met. However, the nature of foreseeability is what is reasonably probable as contrary to that which may be remotely possible. Tua v. Brentwood Motor Coach Company, 371 Pa. 570, 92 A. 2d 209 (1952).

The right of subrogation by the workmen's compensation carrier (77 Pa. Stat. Annon. Section 671) and the common law actionable remedy of an employer to recover wages paid an injured employee are entire different concepts, both founded in principles of tort as contrary to contractual obligations of the employer with a third party. We thus cannot accept this argument as advanced by plaintiff.

To accept plaintiff's legal posture it follows if a fellow employee at plaintiff's plant negligently injured another employee and thereby caused the insurance of plaintiff to increase the negligent employee would therefore be liable for the increased premium cost. Effectively this compels employees to potentially insure their employer.

Finally, plaintiff argues the Pennsylvania No-fault Motor Vehicle Insurance Act is supportive of its position. It is argued since the employers of injured employees no longer have a right of subrogation in certain circumstances because there is no longer any liability to which the employer can be subrogated the effect thereof is to place the burden of loss wages from vehicle insurers to employers and employers' insurers and therefore the tortfeasor is now liable to the latter.*

Again, the No-fault Motor Vehicle Insurance Act is statutory as contrary to negligent principles. The legislature did not elect to mandate a tort-feasor pay insurance premiums.

We recognize as a trial court we are obligated to follow the law as we see it from the appellate level and if there is to be a departure from the historical legal dichotomys as now established it is for the appellate level to declare.

For these reasons we hold the demurrer must be

---

*Section 301(a) of the No-fault Act.

granted under the law as it now exists as there is no genuine issue as to the material facts to be resolved and plaintiff is not able to advance an actionable cause after amendment.

ORDER

And now, January 6, 1981, the demurrer is granted.